506 A.2d 970

Thomas Brantley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 30, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Jules Epstein,* Assistant Defender, with him, *John W. Packel,* Assistant Defender, Chief, Appeals Division, and *Benjamin Lerner,* Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 18, 1986:

Thomas Brantley has petitioned this court for review of an administrative order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board recommitment order. The latter order revoked Brantley's parole and recommitted him to prison to serve a total of fifteen months on backtime as a technical and convicted parole violator.

The Board granted parole to Brantley on August 26, 1982 to the prison sentence he was serving for Voluntary Manslaughter.[1] While at liberty on parole, Brantley was arrested in Philadelphia on May 31, 1984 and charged with Criminal Conspiracy,[2] Robbery,[3] Carrying Firearms on Public Streets or Public Property in Philadelphia,[4] Possessing Instruments of Crime [PIC] (Generally),[5] Aggravated Assault[6] and Simple Assault.[7] Brantley was tried before a jury and on November 2, 1984, was found guilty only of Criminal Conspiracy. He was found not guilty of Robbery and PIC (Generally). The prosecuting attorney for the Commonwealth sought and was granted a *nolle prosequi* or *nol pros* on all of the other criminal charges.

Following this conviction, the Board afforded Brantley a full Board violation and revocation hearing which took place on February 7, 1985. The Board charged Brantley with being a convicted parole violator, as a result of his conviction for Criminal Conspiracy, and as a technical parole violator for allegedly violating general parole condition 5B[8] which requires that parolees refrain from owning or possessing any firearms or other weapons, and 5C[9] which requires that parolees refrain from engaging in any assaultive behavior. A woman by the name of Bonnie Walker, who was complainant at Brantley's criminal trial, testified before the

---

[1] Section 2503 of the Crimes Code, 18 Pa. C. S. §2503.

[2] 18 Pa. C. S. §903.

[3] 18 Pa. C. S. §3701.

[4] Section 6108 of the Pennsylvania Uniform Firearms Act, 18 Pa. C. S. §6108.

[5] 18 Pa. C. S. §907(a).

[6] 18 Pa. C. S. §2702(a).

[7] 18 Pa. C. S. §2701.

[8] 37 Pa. Code §63.4(5)(ii).

[9] 37 Pa. Code §63.4(5)(iii).

Board at the parole revocation hearing. Essentially, Walker testified that on May 31, 1984, Brantley and another man forced their way into Walker's apartment and at gunpoint robbed and assaulted Walker.

As a result of the hearing, the Board revoked Brantley's parole on February 19, 1985, and ordered him recommitted to prison as a technical parole violator to serve nine months on backtime for violating general parole conditions 5B and 5C, and as a convicted parole violator to serve an additional six months on backtime for the new criminal conviction. The Board's revocation order expressly states that the evidence the Board relied upon was the testimony of Bonnie Walker and the proof of record of Brantley's Criminal Conspiracy conviction. Pursuant to 37 Pa. Code §71.5, Brantley petitioned the Board for administrative relief from its parole revocation order. Brantley's petition to the Board was denied by a letter/order dated April 3, 1985. Brantley then timely petitioned this court for review.

Brantley raises two issues on appeal to this court: 1) Whether the Board is statutorily empowered to revoke parole for technical parole violations where the parolee is acquitted of the criminal charges arising from that same conduct; and 2) Whether the Board is collaterally estopped from revoking his parole on the ground that he violated technical parole conditions 5B and 5C after he was acquitted of criminal charges arising from the same incident. Brantley does not challenge that portion of the Board's revocation order which recommits him to prison as a convicted parole violator to serve six months on backtime.

Brantley's initial contention, that the Board is without statutory authority to revoke parole for technical violations of parole where the parolee is acquitted of the criminal charges arising from the same conduct, is meritless. The Board is empowered to do so by section

21 of the Pennsylvania Board of Parole Act (Parole Act), Act of August 6, 1941, P.L. 861, added by section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b), which provides, in part: "Any parolee … who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime* …may be recommitted after hearing before the Board." Section 21.1 of the Parole Act, therefore, expressly empowers the Board to revoke the parole of a parolee who has not been convicted of new criminal behavior but has instead failed to observe the conditions of parole. *Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980); *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985), *allocatur denied,* No. 279 W.D. Allocatur Docket 1985 (November 12, 1985).

In *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), our Supreme Court held that section 21.1 of the Parole Act prohibits the Board from revoking the parole of a parolee who is both a convicted parole violator and a technical parole violator, if the technical violation is based on the same act as the conviction notice. However, contrary to Brantley's assertion, when the technical violation is based on conduct which is not the subject of new criminal charges, or where these charges result in an acquittal, the Board is not prohibited from revoking the parole.

Brantley's next contention is a more narrow attack on the Board's power to revoke parole for technical violations of the general conditions of parole. Brantley contends that the Board violated the principle of collateral estoppel embodied in the Fifth Amendment's guarantee against double jeopardy[10] when it revoked his parole

---

[10] *See Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983).

for technical parole violations after he had been acquitted of the criminal charges which arose from the same incident.

Before we lose sight of the facts of Brantley's appeal, it would be helpful to note again that Brantley was not acquitted of all the criminal charges lodged against him as a result of the May 31, 1984 incident at Bonnie Walker's apartment. A jury acquitted Brantley of Robbery and PIC (Generally). The Commonwealth *nol prossed* the remaining criminal charges except, of course, Criminal Conspiracy of which Brantley was found guilty. These facts will prove to be important in the later discussion of the law.

Brantley hangs his argument on the Pennsylvania Supreme Court's decision in *Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983). In *Brown,* the Supreme Court held that the Commonwealth was collaterally estopped from revoking probation on the basis of alleged participation by the probationer in a robbery for which he had previously been tried and acquitted. The court in *Brown* reasons that the collateral estoppel rule precluded the Commonwealth from relitigating at the probation revocation hearing the exact same issue that had been decided against it in the criminal trial. *Id.* at 527, 469 A.2d at 1377. In two recent cases of this court, we held that the principles of collateral estoppel outlined in *Brown* do not apply to the Board's parole revocation proceedings. *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985); *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985), *allocatur denied,* No. 279 W.D. Allocatur Docket 1985 (November 12, 1985). Although we held that *Brown* does not apply to the Board's parole revocation proceedings, in both *Nickens*

and *Hawkins* we explored the application collateral to the specific factual scenarios in each case.

In *Nickens,* where the parolee had been acquitted in a criminal trial of the charges of Prohibited Offensive Weapon[11] and Former Convict Not to Own a Firearm[12] we held that the Board was not collaterally estopped from finding that the parolee, by the same conduct, violated general parole condition 5B, that he refrain from owning or possessing any firearms or other weapons. *Nickens,* (No. 36 Misc. Dkt. No. 4, filed December 6, 1985), slip op. at 4-5.

In *Hawkins,* where the parolee had been acquitted of Former Convict Not to Own Firearm and Firearms Not to be Carried Without a License,[13] we also declined to impose the collateral estoppel principles on the Board's revocation of Hawkins' parole for violating general parole condition 5B. *Hawkins,* 88 Pa. Commonwealth Ct. at 556, 490 A.2d at 947-48.

In both *Nickens* and *Hawkins,* we concluded that because the elements the Board must prove to show a violation of parole condition 5B are different from elements to be proven by the Commonwealth regarding the firearms charges, the collateral estoppel principles discussed in *Brown* were not applicable. *Id.* We reasoned that for collateral estoppel to apply, the ultimate issues in the criminal trial must be identical to issue or issues sought to be precluded from consideration at the parole revocation hearing. *Id.*

In the instant matter, Brantley first argues that the Board should be collaterally estopped from deciding the issue of whether he violated general parole condition

---

[11] 18 Pa. C. S. §908.

[12] 18 Pa. C. S. §6105.

[13] 18 Pa. C. S. §6106.

5C, that he refrain from engaging in assaultive behavior, because he was acquitted of the assault charges relating to the incident at Walker's apartment. The facts do not support Brantley's argument. Brantley was not acquitted of Aggravated Assault and Simple Assault; rather, the Commonwealth *nol prossed* the charges. A *nolle prosequi* is the voluntary withdrawal by the prosecuting attorney of the present proceedings on a criminal charge. *Commonwealth v. McLaughlin,* 293 Pa. 218, 142 A. 213 (1928). Consequently, entry of the *nolle prosequi* removed the factual issues surrounding the assault charges from consideration by the court of common pleas. Because the issues sought to be precluded by Brantley at his parole revocation hearing, whether he engaged in assaultive behavior in violation of condition 5C of his parole, were not in any way considered at his criminal trial because the Commonwealth *nol prossed* the Simple Assault and Aggravated Assault charges, the principle of collateral estoppel does not apply.

In contrast with the assault charges, Brantley was found not guilty of Possession of Instruments of Crime (Generally). PIC (Generally) is defined in the Crimes Code as follows:

> Criminal Instruments Generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa. C .S. §907(a).

The Crimes Code defines an instrument of crime in section 907(c) as "(1) Anything specially made or specially adapted for criminal use; or (2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

It is readily apparent that elements which must be proven by the Commonwealth regarding PIC (Generally) are different from those the Board must prove involving a violation of condition 5B. Applying *Nickens* and *Hawkins* to the instant case leads us to conclude that the Board properly revoked Brantley's parole upon finding him in violation of condition 5C. Brantley's acquittal of PIC (Generally) does not collaterally estop the Board from considering whether his conduct violated condition 5C.

In revoking Brantley's parole, the Board has committed no errors of law or violations of constitutional rights. The Board's order is also supported by substantial evidence. We affirm.

## ORDER

The order of the Pennsylvania Board of Probation and Parole in Parole No. 1143-K, dated April 3, 1985, denying administrative relief to Thomas Brantley, is affirmed.