507 A.2d 934

Kent Allen Brewer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 30, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Charles J. Kroboth, Jr.,* First Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 17, 1986:

Kent Allen Brewer (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative relief. The Board's order recommitted Petitioner as a technical and convicted parole violator to serve five years, five months and one day.

The record certified to this Court reveals that Petitioner had originally been sentenced to a five to twelve year term for murder effective February 6, 1976. While on parole from that sentence, Petitioner was arrested on charges of Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, Terroristic Threats, Possession of an Instrument of Crime, and violations of technical parole conditions 5B (possession of offensive weapon) and 5C (refrain from assaultive behavior). Petitioner was also charged with Theft by Taking and Receiving Stolen Property. The Board lodged its detainer on February 7, 1984. Bail was set at $25,000. Petitioner

did not post bail and was incarcerated at the Montgomery County Prison.

On June 20, 1984, the Montgomery County Court of Common Pleas accepted Petitioner's guilty plea to the charges of Terroristic Threats, Theft by Moving Stolen Property and Theft by Receiving Stolen Property; the other outstanding charges were *nolle prossed*. The trial court sentenced Petitioner to a term of two to five years on the Terroristic Threat charge and to consecutive five years probation to be served on the theft charges.

A full Board hearing was timely held on August 28, 1984 at the State Correctional Institution at Graterford. The Board thereafter recommitted Petitioner for thirty-six months as a technical parole violator and twenty-nine months as a convicted parole violator for a total of sixty-five months on backtime. His petition requesting administrative relief was denied and this appeal followed.

Subsequent to our order of March 7, 1985 directing that this case be submitted on briefs, counsel for the Petitioner, on March 6, 1986, sent a letter to the Judges of this Court seeking to amend his brief by requesting our consideration of *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985) and *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985). The Board responded to the letter essentially contending that the cases do not apply because the Petitioner was not recommitted as a technical and convicted parole violator for the same conduct. We have entered an order directing that counsel's letter shall be treated as a motion to amend Petitioner's brief and that that motion be granted.

All of the charges against the Petitioner, both those in the criminal court and the technical violations, arise from incidents between Petitioner and one Diane

Adams which occurred on January 21 and January 30, 1984. Ms. Adams testified to threats and injuries she received when she was physically assaulted by the Petitioner. In the incident which occurred on January 21, 1984, Petitioner threatened Ms. Adams with a gun. On January 30, 1984, he allegedly stole her ring.

Petitioner first argues that the Board did not properly supervise his parole in that the Board did nothing to control Petitioner's destructive drug and alcohol problem. He contends that this failure constitutes "tacit approval" of Petitioner's conduct and precludes the Board from "prosecuting [P]etitioner for that conduct." Petitioner's Brief at 9. At no point in his request to the Board for administrative relief did he raise this issue. We believe that this contention is patently absurd. By no stretch of the imagination can it be said that the Board condoned Petitioner's use of drugs and alcohol. Moreover, the Board's recommitment action was not based on Petitioner's drug and alcohol consumption but was based on his misconduct and convictions.

Petitioner argues next that the backtime imposed is beyond the presumptive range and is excessive. Petitioner contends that although the Board listed aggravating reasons for going beyond the presumptive range, it did not properly consider mitigating evidence. He argues that his physician's report stating that he is in need of prolonged counseling and therapy evidences that he would benefit more from in-patient treatment than incarceration. The Board's order recognized that Petitioner's doctor recommended in-patient treatment; therefore, we believe that the Board properly considered the doctor's report. Moreover, mitigating evidence need only be set forth in the Board's order where the recommitment time imposed falls short of the presumptive range. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d

146 (1984). In the instant case, the recommitment time imposed exceeded that of the presumptive range, and the Board properly listed aggravating reasons to support its action.

Petitioner argues further that the Board took into account the criminal charges which were *nolle prossed*. We have recently rejected an identical argument in *Brantley v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth Ct. 641, 506 A.2d 970 (1986). The *Brantley* court first observed that Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended*, (Parole Act), added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(b) "expressly empowers the Board to revoke the parole of a parolee who has not been convicted of new criminal behavior but has instead failed to observe the conditions of parole." *Brantley*, 95 Pa. Commonwealth Ct., at 645, 506 A.2d at 972.

*Brantley* emphasized that although entry of *nolle prosequi* removes the factual issues surrounding the criminal charges from consideration by the court of common pleas, the Board is not precluded from considering whether these same factual issues constitute technical violations of parole. In the instant case, Petitioner did not deny at the hearing that he had in his possession an offensive weapon (rifle) or that he assaulted his girlfriend. Accordingly, we do not believe that the Board abused its discretion in finding him in violation of parole conditions 5B and 5C.

We come now to the question of whether *Rivenbark* and *Massey* apply to the facts of this case. Those cases held that the Board could not recommit a parolee as a technical violator based upon an act constituting a new crime of which the parolee was convicted. The record before us shows that Petitioner used a weapon when threatening Ms. Adams on January 21, 1984. This was

part of the Petitioner's conduct for which he was convicted. It also constituted a violation of parole condition 5B. We, therefore, must disagree with the Board's contention that the facts do not fall within the holding of *Rivenbark* and *Massey*.

There is a further consideration before we finally dispose of this issue. Are those recent holdings of our Supreme Court to be applied retroactively? "[T]he threshold test in deciding whether a new decision might be given prospective application only is whether the decision establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Schreiber v. Republic Intermodal Corporation*, 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977). Where an appellate decision interprets legislative intent such interpretation is regarded as part of the statute under consideration from the time the statute was enacted. *Daniels v. State Farm Mutual Insurance Company*, 283 Pa. Superior Ct. 336, 423 A.2d 1284 (1980); *Harry C. Erb, Inc. v. Shell Construction Co., Inc.*, 206 Pa. Superior Ct. 388, 213 A.2d 383 (1965). In *Rivenbark*, our Supreme Court held that the plain and obvious meaning of subsection (b) of Section 21.1 of the Parole Act, 61 P.S. §331.21a(b), wherein it states that a parolee may be recommitted if he violates the terms and conditions of his parole, specifically excludes conduct on the part of the parolee which constitutes a new crime of which the parolee has been convicted. It is clear to us, therefore, that the decisions in *Rivenbark* and *Massey* must be given retrospective effect because the result was based solely upon an interpretation of the Parole Act.

Because Petitioner's other challenges[1] were not raised before the Board in his request for administrative

---

[1] We note that Petitioner's amended petition for administrative relief sets forth two alleged errors: the backtime for technical viola-

relief, we will refrain from addressing these issues. Pa. R.A.P. 1551 and *Prough v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 606, 467 A.2d 1234 (1983).

We will vacate the Board's order denying administrative relief and direct that the Board recompute the Petitioner's backtime to conform with the requirements of *Rivenbark* and *Massey.*

ORDER

The order of the Pennsylvania Board of Probation and Parole denying administrative relief is vacated. The case is remanded to the Board to recompute the Petitioner's backtime consistent with the foregoing opinion. Jurisdiction is relinquished.

---

tions was in excess of the presumptive range and the backtime for convictions was in excess of the presumptive range and did not take into consideration mitigating circumstances. Petitioner's original petition to the Board did not complain that he was actually in custody "per orders of the Board" during the time the Board says he was on parole. We believe the Board was obligated to adjudicate on the basis of the amended petition but we also note that our careful review of the record made before the Board discloses no evidence to support the Petitioner's contention in this regard.

There is no reference in either petition to the Board regarding the allegation that Petitioner had only pled guilty to receiving stolen property and not to that charge and theft. In any event, the Board's recommitment order mentions "multiple offenses" and there were multiple offenses excluding consideration of the alleged duplication charged by Petitioner.