527 A.2d 180

Gary G. Pounds, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs October 24, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Gary G. Pounds,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 5, 1987:

Gary G. Pounds, the petitioner, appeals from an order of the Board of Probation and Parole (Board) which denied petitioner's request for administrative relief and ordered petitioner to serve a total of ninety (90) months backtime for various parole violations.

Petitioner was originally convicted of murder in the third degree and sentenced to a prison term of ten to twenty years. On July 25, 1985, petitioner was released on parole. On August 22, 1985, petitioner was arrested and charged with simple assault. Petitioner was detained pursuant to a Board warrant issued that same day. Petitioner waived his right to a preliminary hearing and requested that the revocation hearing be continued until after disposition of the new criminal charges.

In January of 1986, petitioner pled guilty to simple assault in the Court of Common Pleas of Allegheny County. Thereafter, a revocation hearing was held before a hearing examiner, petitioner having waived his right to a hearing before a quorum of the Board. At the hearing petitioner admitted that he had pled guilty to simple assault and that he had violated a condition of parole requiring him to refrain from consuming alcohol. Petitioner's attorney also admitted that petitioner had been in possession of a knife, thereby violating another condition of parole. The hearing examiner recommended that petitioner be ordered to serve six months of backtime for consuming alcohol, twenty-four months for possessing a knife and sixty months as a convicted parole violator. While the last two recommendations were greater than the presumptive ranges, the hearing examiner justified such recommendations because petitioner was a convicted murderer who had engaged in assaultive behavior with a weapon *less than one month after being released on parole.*

Petitioner filed an application for administrative relief. The Board denied such relief and accepted the rec-

ommendations of the hearing officer, thereby ordering petitioner to serve a total of ninety months of backtime. The Board exceeded the presumptive ranges for the same reasons as given by the hearing examiner. This appeal followed.

Petitioner first argues that he was denied due process and equal protection because the Board denied him records, documents and transcripts at the time he was preparing his request for administrative relief. The Board admits that it does not transcribe the notes of testimony of a revocation hearing unless and until the parolee files a petition for review with this Court. Petitioner recognizes that failure to raise an issue on the request for administrative relief can constitute a waiver of that claim in this Court. *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986). He therefore argues that the failure to provide a transcript of the revocation hearing at the time of preparing a request for administrative relief amounts to a constitutional deprivation. While we believe this situation is fraught with the *possibility* of constitutional violations, no *actual* violation has been established.

Petitioner, for this appeal, has been provided with the transcript he sought below. Yet, petitioner identifies no issues which he failed to raise in his request for administrative relief because of the lack of a transcript at that time. Were the petitioner able to so identify an issue, this Court would not hold that issue has been waived. *See* Pa. R. A. P. 1551(a)(3). The most rudimentary concept of justice would allow no other holding. Since petitioner has not been able to show specific prejudice as a result of the failure to provide a transcript below, his contention is without merit.[1]

---

[1] In his pro se brief, petitioner seems to complain about the failure to provide a transcript of both the revocation hearing and the

Petitioner next argues that he was denied the effective assistances of counsel. Again, however, petitioner fails to specify how counsel was ineffective. Mere general allegations that counsel did not do a good job are not sufficient. In this case, petitioner has done no more and his argument must be rejected.

Petitioner next argues that the Board abused its discretion in ordering him to serve backtime in excess of the presumptive ranges contained in 37 Pa. Code §§75.1-75.4. However, those regulations permit the Board to deviate from the presumptive ranges if written justification is given. Here, petitioner was paroled after serving almost ten years for a conviction of murder of the third degree. When paroled, he engaged in assaultive behavior and possessed a knife less than one month following his release. Under these circumstances, the Board did not abuse its discretion in exceeding the presumptive ranges.

Petitioner next argues that the order recommitting him, having been signed by only one member of the Board, does not establish that a quorum of the Board agreed on the recommittment to ninety months backtime. This argument is obviously erroneous. By way of analogy, when this Court files an opinion, the order is signed only by the author of the majority opinion. If petitioner's argument were correct, every opinion and order of this Court would be subject to the same attack. In *Mignatti Construction Co. v. Environmental Hearing Board,* 49 Pa. Commonwealth Ct. 497, 411 A.2d 860 (1980), we noted that a *prima facie* presumption exists concerning the regularity of official acts and petitioner's allegations are not sufficient to rebut that presumption.

---

preliminary (probable cause) hearing. To the extent his complaint centers on the preliminary hearing, it is sufficient to note that petitioner waived his right to a preliminary hearing.

Finally, petitioner claims that the Board violated the mandate of *Rivenbark v. Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), when it ordered him recommitted both as a convicted parole violator (simple assault) and a technical parole violator (possessing a weapon). We must agree. In *Brewer,* a parolee was convicted of terroristic threats for an incident in which he used a knife to threaten the victim. The Board recommitted Brewer both as a convicted parole violator and a technical parole violator for possessing a weapon. We stated, "The record before us shows that [Brewer] used a weapon when threatening [the victim]. . . . This was part of [Brewer's] conduct for which he was convicted. It also constituted a violation of parole condition 5B [for possessing a weapon]." *Id.* at 427, 507 A.2d at 936. We held that *Rivenbark* precluded the Board from recommitting as both a convicted and technical violator on those facts. In this case, the petitioner used a knife to commit the simple assault. Seeing no significant distinction between the present case and *Brewer,* we are constrained to agree with petitioner on this point.

ORDER

NOW, June 5, 1987, the order of the Board of Probation and Parole, dated April 26, 1986, denying administrative relief is vacated. The case is remanded to the Board for recomputation of petitioner's backtime in accordance with this opinion.

Jurisdiction relinquished.