501 A.2d 1110

**Harry RIVENBARK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1985.

Decided Dec. 10, 1985.

John R. Merrick, Public Defender, William G. Brown, Asst. Public Defender, Juan R. Sanchez, West Chester, Leonard Sosnov, Philadelphia, for amicus—Phila. Defenders Assn.

Robert A. Greevy, Chief Counsel, Arthur R. Thomas, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The issue in this case is whether, under the terms of the Pennsylvania Board of Parole Act,[1] a parolee may be recom-

1. Act of August 6, 1941, P.L. 861, § 1 *et seq., as amended,* 61 P.S. § 331.1 *et seq.*

mitted to separate terms of "backtime" as both a convicted parole violator and a technical parole violator if the technical violation is based upon the same act as is the conviction supporting the conviction violation.

Appellant, Harry Rivenbark, was sentenced in 1976 to serve concurrent terms of two to ten years on a forgery conviction and three to ten years on convictions for burglary, theft and criminal conspiracy. On August 22, 1979, he was placed on parole by the Pennsylvania Board of Probation and Parole (Board). On August 4, 1981, appellant was arrested on federal charges for the possession of a firearm and was placed in the Philadelphia Detention Center. A federal grand jury indicted appellant on the federal charge on August 12, 1981.

Thereafter, the Board lodged a detainer warrant against appellant for violating conditions of his parole by possessing a firearm and because of the new criminal charges. A preliminary/detention hearing was held on October 2, 1981, and the Board ordered appellant detained pending disposition of the criminal charges, with the return of appellant as a technical parole violator when available, and a violation hearing to be scheduled when appropriate.

Appellant was subsequently sentenced to a federal term of two years on the firearms conviction. The Board's warrant remained lodged during his term of federal custody. Upon his release from federal custody in 1983, appellant was returned to the custody of Board agents.[2] On May

2. Appellant contends that his period of recommitment for the technical parole violation should have commenced when the Board lodged its detainer against him on September 15, 1981. Section 21.1(b) of the Board of Parole Act, 61 P.S. § 331.21a, states that the period of recommitment for a technical violation commences on the date the parolee is taken into custody on the warrant of the Board. At the time the detainer was lodged appellant was in custody on the basis of the federal charges and remained in custody on that basis until he was placed in the custody of Board agents in April, 1983, after his release from a federal correctional institute in Texas. Thus, appellant's period of recommitment as a technical violator did not commence until April 1983. *See, Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980); *Carter v. Rapone,* 39

23, 1983, appellant was afforded a violation and revocation hearing. The Board ordered appellant recommitted as a technical violator to serve nine months and as a convicted parole violator to serve eighteen months, for a total of twenty-seven months on backtime. The technical violation was the possession of a firearm, while the conviction violation arose from the federal conviction based upon the same act. On appeal, the Commonwealth Court affirmed the actions of the Board.

Appellant contends that the imposition of separate periods of recommitment based upon the same act violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.[3] The prohibition of double jeopardy consists "of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969) (footnotes omitted).

▮▮▮ The first two enumerated protections are inapplicable since a parole revocation hearing is not a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The granting and rescinding of parole are purely administrative functions. *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942). Parole is a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation

Pa.Cmwlth. 160, 394 A.2d 1092 (1978); *Davis v. Cuyler*, 38 Pa.Cmwlth. 488, 394 A.2d 647 (1978).

**3.** The double jeopardy protection of the Fifth Amendment has been made applicable to the States through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Appellant does not contend that the Double Jeopardy Clause of the Pennsylvania Constitution, Article I, Section 10, provides any greater protection than the Federal Constitution with regard to this issue. Nor do we perceive any basis for such a claim. *See generally: Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978); *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978).

outside the prison walls; it does not affect the sentence. *Id.; Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A.2d 884 (1961). The Board does not convict the parolee of any crime at a parole revocation hearing. Rather it determines whether the parolee has violated the terms and conditions of his parole, thereby demonstrating himself unfit for that mode of correctional rehabilitation.

▆▆▆ Nor were the two periods of recommitment multiple punishments for the same offense. A recommitment is not a second punishment for the original offense; it has no effect on the original judicially-imposed sentence. Recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence.[4]

▆▆▆ Unlike those lower courts which have considered the issue of whether a parolee may be recommitted as both a technical and convicted parole violator based upon the same act,[5] we do not end our analysis of the issue upon the determination that such recommitments are not violative of double jeopardy. The availability of parole is not a constitutional guarantee. Parole is a method of rehabilitation enacted as the public policy of the Commonwealth pursuant to

4. Section 21.1 of the Act, 61 P.S. § 331.21a, places the decision of whether to recommit a parolee guilty of either a conviction violation or a technical violation in the discretion of the Board. However, once recommitment for a conviction violation is ordered, subsection (a) of Section 21.1 mandates that the parolee "shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole." The period of recommitment set by the Board, which may be less than the unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee—it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and have his application considered by the Board. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984).

5. *McClure v. Pennsylvania Board of Probation and Parole,* 75 Pa. Cmwlth. 176, 461 A.2d 645 (1983); *Hughes v. Pennsylvania Board of Probation and Parole,* 81 Pa.Cmwlth. 87, 473 A.2d 225 (1984); *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa.Cmwlth. 618, 478 A.2d 139 (1984).

the General Assembly's exclusive power to determine the penological system of the Commonwealth. *See: Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974); *Commonwealth ex rel. Banks v. Cain, supra.* Thus, any analysis of claimed rights and privileges connected with parole requires that we review the underlying statutory basis of the parole system.

Section 21.1 of the Pennsylvania Board of Parole Act [6] distinguishes convicted violators from technical violators. Subsection (a) of Section 21.1 which describes conviction violators, and subsection (b), which describes technical violators, provide in pertinent part:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

.     .     .     .     .

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record,* may be recommitted after hearing before the board. If he is so recommitted, he shall be given credit for the time served or parole in good stand-

6. Act of August 6, 1941, P.L. 861, § 21.1 added August 24, 1951, P.L. 1401, § 5, *as amended,* June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a.

ing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences.

61 P.S. § 331.21a (emphasis added).

The Statutory Construction Act of 1972 [7] instructs, "[W]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). In such case the statute must be given its plain and obvious meaning. *Commonwealth v. Rieck Investment Corporation*, 419 Pa. 52, 213 A.2d 277 (1965). Subsection (b) of Section 21.1 of the Board of Parole Act specifically excludes from recommitment as a technical violator one who has violated the terms and conditions of his parole "by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record." This language is clear and free of all ambiguity. The statute unambiguously expresses the legislature's intent that a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted.

Appellant's recommitment as a technical violator was based upon an act, possessing a firearm, which constituted a new crime of which he was convicted. Consequently, the Board's action in recommitting appellant as a technical violator was beyond the authority the General Assembly has granted the Board to recommit parolees, and for that reason appellant's recommitment order must be vacated, and this case remanded to the Board for a reconsideration of appellant's period of recommitment.

The order of the Commonwealth Court is reversed and this case is remanded to the Board of Probation and Parole for proceedings consistent with this opinion.

7. Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1501 *et seq.*