525 A.2d 472

Jonathan Hill a/k/a Jack Brown a/k/a Jack Shavers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 18, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*John C. Armstrong*, Assistant Public Defender, for petitioner.

*Robert Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 8, 1987:

Jonathan Hill's, a/k/a Jack Shavers' (Petitioner), counsel has petitioned this Court for leave to withdraw, averring that, after a careful and conscientious review of the certified record, he is convinced that the issue raised in this appeal is wholly frivolous and meritless. Our duties with respect to such cases are fully set forth in *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985) and need not be repeated here.

Our independent review of the certified record[1] reveals that on November 27, 1985, the Board filed an order which was sent to the Petitioner on November 29, 1985 recommitting Petitioner as a convicted parole violator for eighteen months following his convictions for receiving stolen property and recklessly endangering another person. In the same order, Petitioner was recommitted for six months for violating conditions 3B (failure to maintain contact with parole supervisor) and 5C (assaultive behavior). At the time of recommitment, Petitioner had 1 year, 5 months and 16 days remaining on his unexpired term.

On January 21, 1986, the Board filed a modification order which was sent to Petitioner on January 22, 1986. That order deleted all reference in the prior order to condition 5C but affirmed the recommitment time originally ordered. On January 24, 1986, the January 21 order was modified to state that the presumptive range for violation of condition 3B is three to six months.

---

[1] The record before us consists of Petitioner's pro se petition for review, the certified record of actions taken by the Pennsylvania Board of Probation and Parole (Board), counsel's petition and various administrative orders filed by this Court.

In his petition for review, Petitioner asserts that with respect to the violation of condition 3B, he presented evidence and argued to the Board that he was unable to report to his parole supervisor because he was arrested on a legal holiday and the supervisor could not be reached. He further alleges that his assaultive behavior was based on employment requirements. He states that the Board's action was in violation of *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985) and *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985). Those cases held that a parolee cannot be recommitted as a technical parole violator if the violation is based upon the same act as a conviction supporting the conviction violation.

Turning now to our review of counsel's *Anders*[2] brief, we note that the one-half page argument made by counsel is that the *Rivenbark* issue was the only one raised below and that since Petitioner's recommitment time as a convicted parole violator exceeds the technical parole violation recommitment, "this case does not parallel *Rivenbark* and an appeal is unwarranted." In *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), our Supreme Court extensively discussed what is required of appointed counsel in his *Anders* brief. It is there stated that counsel's statement of why there is no basis for an appeal should not be interpreted as lack of advocacy nor is it a basis for concluding that his client did not receive his constitutionally protected right of representation. Our Supreme Court holds that it is the duty of the reviewing court to determine under *Anders* the manner in which counsel examined the record in an effort to uncover grounds for the appeal. We do this, of course, by our own independent review of the record. *See Craig.*

---

[2] *Anders v. California,* 386 U.S. 738 (1967).

In the case now before us and with the limited record now before us, we conclude that counsel has not made a careful review of the record nor has he satisfied his duty as an advocate. The mere fact that the Board's recommitment time ordered for Petitioner's conviction will extend beyond Petitioner's maximum sentence and exceeds the recommitment time ordered for the technical parole violation, does not, per se, render Petitioner's argument regarding his technical parole violation frivolous. Also, the *Rivenbark* issue is not the only issue raised in Petitioner's appeal. As we have noted, Petitioner has advanced factual arguments with respect to his alleged violation of condition 3B. Such arguments may or may not be supported by the record. Inasmuch as there is no record of the hearing available to counsel or to this Court, we do not believe counsel's statement that he has conscientiously reviewed the record is supportable.

Having concluded that counsel's brief does not satisfy the requirements of *Anders* as interpreted by our Supreme Court in *McClendon,* we will deny counsel's petition to withdraw and direct the Board to file a transcript of the revocation hearing following which a briefing schedule will be ordered to enable us to determine the merits of the Petitioner's appeal.

## ORDER

The petition of counsel for leave to withdraw is denied. The Pennsylvania Board of Probation and Parole is directed to file a transcript of the revocation hearing within sixty (60) days following which a briefing schedule shall be ordered for argument on the merits of this appeal.

Jurisdiction retained.