530 A.2d 1025

Alan J. Novitski, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 20, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 9, 1987:

Alan J. Novitski (petitioner) petitions for review of the April 1, 1986 letter of the Secretary of the Pennsylvania Board of Probation and Parole (Board) which, in

effect, denied the petitioner's request for administrative relief from the Board's September 13, 1983 recommitment order.

While on parole, the petitioner was arrested in September 1982 on charges of receiving stolen property and was incarcerated in the Cumberland County Prison (county prison). In November 1982, he escaped from the county prison and was rearrested in May 1983 in Luzerne County. Thereafter, the Board charged him with technical violations of General Conditions of Parole Nos. 1[1] and 2.[2] In its September 13, 1983 order, the Board recommitted the petitioner to serve eighteen months backtime for these technical violations.

Subsequently, the petitioner pled guilty to criminal escape charges and the Board, on administrative review, reaffirmed its September 13, 1983 technical violation recommitment order and added six months backtime as a convicted parole violator due to the escape conviction.

The petitioner's brief, however, addresses only his prior recommitment, under a Board order, dated May 21, 1984, and the Board's January 23, 1986 order, which modified that recommitment by deleting any reference to a technical parole violation of General Condition No. 5B (refrain from owning or possessing firearms or other weapons).[3] The petitioner here urges that, pursuant to

[1] General Condition of Parole No. 1, 37 Pa. Code §63.4(1), requires a parolee to report in person or in writing within 48 hours to the district office or suboffice specified by the Board and not to leave that district without prior written permission of the parole supervision staff.

[2] General Condition of Parole No. 2, 37 Pa. Code §63.4(2), requires a parolee to live at the residence approved by the Board at release and not to change that residence without the written permission of the parole supervision staff.

[3] This reference to condition 5B is apparently erroneous because the Board's regulations cite this provision as 5(ii). 37 Pa. Code §63.4(5)(ii).

*Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), the finding of a technical parole violation of General Condition No. 5B is unwarranted. We need not respond to this argument, however, because, in its January 23, 1986 order, the Board granted the relief to the petitioner which he seeks from this Court, *i.e.,* modification of the May 21, 1984 order to delete all reference to Condition No. 5B.

This does not end our review of this matter, however, because the Board Secretary's letter of April 1, 1986 denied the petitioner's request to apply *Rivenbark* to the September 13, 1983 recommitment order and this issue is addressed by the petition for review and the petitioner's supplemental brief.

In this regard, the petitioner contends that, in adding six months backtime due to the escape conviction, the Board erred in view of *Rivenbark* and that the backtime under the technical violation of General Condition Nos. 1 and 2 must be deleted. The Board responds that the criminal conduct of escaping from the county prison and the technical parole violation conduct of absenting oneself from the parole district without permission and changing residence without permission are not the result of the same act. We agree.

Obviously, the criminal act of escape was complete as soon as the petitioner left the prison premises. The technical violations resulted from separate acts which necessarily occurred at later times, *i.e.,* when he exited the parole district and when he began to live in Luzerne County where he was arrested. Under such circumstances, *Rivenbark* is inapposite. *Nicastro v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320 (1986).

Accordingly, we will affirm the Board's April 1, 1986 denial of administrative relief.

## ORDER

AND NOW, this 9th day of September, 1987, the denial of administrative relief, dated April 1, 1986, by the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.