536 A.2d 470

Howard McCullough, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 8, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief, Appellate Division, and *Richard S. Levine,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 22, 1988:

This is an appeal by Howard McCullough from an order of the Pennsylvania Board of Probation and Parole

(Board), which modified a recommitment order by deleting all references to a violation of technical parole condition 5c (refrain from assaultive behavior) and affirmed a prior determination to recommit McCullough to serve eighteen months as a technical parole violator and twenty-four months as a convicted parole violator for robbery.

On March 31, 1982 McCullough was arrested on various charges and was ultimately convicted of robbery. The Board thus imposed a twenty-four month recommitment for the convicted parole violation. The Board also imposed recommitment time for three technical parole violations. McCullough was recommitted for twelve months for violation of conditions 5c and 5b (possession of an offensive weapon) and for six months for violation of condition 6 (consumption of intoxicating beverages). McCullough petitioned the Board which, pursuant to the mandates of *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), deleted all reference to condition 5c, but nonetheless reaffirmed the twelve-month recommitment for condition 5b only.

McCullough contends on appeal that *Rivenbark* precludes his recommitment for both robbery and possession of an offensive weapon. The Board, to the contrary, maintains that recommitment was not based upon McCullough's possession of a knife during the commission of the robbery, but upon his possession of a knife when he was later searched by a police officer.

We have previously decided that where a technical parole violation is accomplished by the commission of a crime, the rule in *Rivenbark* precludes recommitment for both the technical and convicted violations. *Nicastro v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 569, 518 A.2d 1320 (1986). Here, the record reflects that McCullough was found to be in

possession of a weapon *at some point subsequent* to the completion of his criminal act. We, therefore, do not believe the *Rivenbark* doctrine to be applicable here. As Judge CRAIG of this Court stated in *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 322, 518 A.2d 327, 330 (1986):

> [W]here the record before the board establishes that the recommitted parolee violated a technical parole condition independently, and separately in time, from the commission of the crime, backtime based upon that technical violation would be warranted.

*See also Nicastro; Weimer v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 180, 519 A.2d 1103 (1987).

Accordingly, we hold that the Board acted properly in ordering the recommitment for a violation of condition 5b. Petitioner does not in his brief argue that the twelve-month recommitment was excessive or that recommitment for violation of condition 6 was improper. These points, therefore, are waived.

Based upon the foregoing, the order of the Board is affirmed.

ORDER

Now, January 22, 1988, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

The record shows that a switchblade knife was found on petitioner after he had been arrested and searched. The Board concedes that petitioner did possess a knife when he committed the robbery, but that the recommitment was based on the fact that the knife was found

subsequent to the commission of the robbery and therefore was not part of the act, but instead it was a technical violation.

The record shows that in the crimes of robbery, aggravated assault and battery, and possession of an offensive weapon, a knife was used to instill fear, and that in each instance the use of the knife was a constituent element of the crime. Thus, for the act of carrying or possession of that particular knife there could be no technical violation. *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985); *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985); *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986). The Board recognized this and recommitted petitioner as a convicted violator for the robbery conviction only. He was not recommitted for the other convictions since they were constituent elements of the crime of robbery.

As to the technical violation, its resolution depends on whether the switchblade knife was the same knife used in the robbery. If it was not, then to constitute a violation, it need only be shown that the parolee was in possession of the knife and no criminal conduct is required. *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985).

There is no finding as to whether the knife found on parolee was or was not used in the robbery. That it was found on him subsequently and after a search is not probative of the issue. The Board's finding of a technical violation is not based on sufficient evidence as shown in the record.

Accordingly, I would reverse only that part of the order imposing a period of recommitment for a technical violation of condition 5(b).