# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry T. Murray,               :
             Petitioner     :
                               :
        v.                      :     No. 2380 C.D. 2014
                               :     Submitted: November 13, 2015
Pennsylvania Board of Probation   :
and Parole,                     :
            Respondent    :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: December 23, 2015**

This case returns to us after we denied, without prejudice, Tina M. Fryling's (Attorney Fryling) petition to withdraw as court-appointed counsel for Harry T. Murray (Murray).[1] Murray petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve his unexpired term of one month and two days as a technical parole violator and 18 months' backtime as a convicted parole violator, concurrently. Attorney Fryling renews her petition to withdraw as counsel on the ground that Murray's appeal is without merit. For the reasons that follow, we grant Attorney Fryling's amended petition to withdraw as counsel, and we affirm the Board's order.

---

[1] See Murray v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 2380 C.D. 2014, filed July 2, 2015), 2015 WL 5511502 (unreported).

## I. Background

In 2008, Murray pled guilty to terroristic threats with the intent to terrorize another, and he was sentenced to a term of one to five years in prison. Certified Record (C.R.) at 1. His original maximum sentence date was May 19, 2013. Id.

On February 17, 2011, the Board released Murray on parole, with conditions. Id. at 10-16. On April 17, 2013, the Board declared Murray delinquent and issued a warrant to commit and detain him for technical parole violations for the use and possession of drugs and alcohol. Id. at 21, 30, 33. On that same date, police arrested and charged Murray with multiple counts: (1) possession with intent to deliver (cocaine), (2) possession with intent to deliver (marijuana), (3) possession of a controlled substance (cocaine), (4) possession of a controlled substance (marijuana), and (5) possession of drug paraphernalia. Id. at 33, 49-50.

Murray admitted he violated two conditions of his parole by using marijuana and possessing alcoholic beverages. Id. at 42. The Board recommitted him as a technical parole violator to a state correctional institution to serve his unexpired term of one month and two days, pending resolution of his outstanding criminal charges. Id. at 42.

Murray posted bail on the new criminal charges on July 2, 2013. Id. at 79. Murray pled guilty to count one for possession with intent to deliver (cocaine). Id. at 47-49. The other counts were *nolle prossed*. Id. at 48. Based on his guilty plea, the Board issued a warrant to commit and detain on May 14, 2014.

Id. at 45. On June 17, 2014, a court of common pleas sentenced Murray to 20 to 40 months, to run consecutive to his original sentence. Id. at 80.

Based on the new conviction, the Board recommitted Murray as a convicted parole violator to serve 18 months' backtime concurrent with the backtime imposed for the technical parole violations. Id. at 94. The Board calculated Murray's new maximum sentence date as August 13, 2016. Id. at 92.

Murray, representing himself, filed a "request for administrative review," asserting the Board abused its discretion by: violating his due process rights; denying him credit for time at liberty on parole; extending his maximum sentence date to August 13, 2016; and, recommitting him as a technical and a convicted parole violator where the two violations arose from the same act. Id. at 96-97. The Board denied Murray's request for relief. Id. at 101.

Murray filed a petition for review with this Court, asserting the same grounds for relief. Attorney Fryling filed a petition to withdraw as counsel along with a no-merit letter based on her belief that Murray's appeal is without merit. We denied Attorney Fryling's petition to withdraw without prejudice because she did not address all the issues raised in the petition for review. We directed her to refile her petition to withdraw or file a brief in support of Murray's petition for review. Attorney Fryling filed an amended petition to withdraw, which is now before us.

3

## II. Withdrawal of Counsel

Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" Zerby, 964 A.2d at 962 (quoting Jefferson v. Pa. Bd. of Prob. & Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se* by representing himself. Turner; Hughes. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. Turner; Hughes. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw and the petitioner will be denied relief. Turner; Hughes.

Here, Attorney Fryling's no-merit letter satisfies the technical requirements of Turner. The letter sets forth the procedural history of the case and her review of the record and relevant statutory and case law. She addressed the issues Murray raised in the petition for review. Specifically, Attorney Fryling

4

addressed whether the Board erred or violated Murray's due process rights by recommitting him to serve 18 months' backtime as a convicted parole violator, failing to apply proper credit, and recalculating a new maximum sentence date after his original maximum date expired. She also addressed whether the Board erred or violated Murray's due process rights by recommitting him as a technical parole violator based on the same act constituting a new crime for which he was convicted. Counsel's Turner Ltr., 9/22/15, at 1-2.

Attorney Fryling explains Murray's issues lack merit. The Board did not err or violate Murray's due process rights when it recalculated his maximum sentence date. The Board followed applicable law in determining Murray forfeited time spent on parole when he was convicted of a new crime, which he committed while on parole. The Board properly calculated his new maximum sentence date by adding time spent at liberty on parole to his original maximum sentence, with credit for time served solely on the Board's detainer.

In addition, Attorney Fryling asserts the Board did not err or violate Murray's due process rights by recommitting him as a technical parole violator and a convicted parole violator. Relying on Rivenbark v. Pennsylvania Board of Probation and Parole, 501 A.2d 1110 (Pa. 1985), she explains the imposition of both technical and convicted parole violations does not constitute double jeopardy. The granting and rescinding of parole are purely administrative functions and do not affect an inmate's actual sentence. Id. A recommitment for parole violations is not a second punishment for the original offense triggering due process protections. Id. Rather, it is an administrative determination that the parolee

should be reentered to serve all or part of the remainder of his original term based on violations of his parole. Id.

Based on her review, Attorney Fryling concludes Murray's appeal is without merit, and she requests permission to withdraw. Attorney Fryling provided Murray with a copy of the no-merit letter and her request to withdraw. She advised Murray of his right to retain new counsel or proceed by representing himself.[2] As we are satisfied that counsel discharged her responsibility in complying with the technical requirements of a no-merit letter, we conduct an independent review to determine whether the issues Murray raised in his petition for review lack merit.[3]

### III. Independent Review
### A. Recommitment & Recalculation

First, Murray contends the Board erred and violated his due process rights by recommitting him for 18 months as a convicted parole violator and recalculating his maximum sentence date after his original maximum term expired on May 19, 2013. According to Murray, at the time of his arrest, only 32 days remained on his original sentence. He completed the unexpired term of his original sentence while on the Board's detainer for technical parole violations. The Board may only direct a parolee to complete the remainder of this original

---

[2] Murray did not retain new counsel or file a brief in support of his petition for review.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

maximum term. He contends the Board cannot recommit a parole violator to serve more than the balance of his unexpired term or impose a sanction past the expiration date.

Due process is satisfied as long as the statute utilized by the Board contains "reasonable standards to guide the prospective conduct." Commonwealth v. Mikulan, 470 A.2d 1339, 1343 (Pa. Cmwlth. 1983) (quoting Commonwealth v. Heinbaugh, 354 A.2d 244, 246 (Pa. 1976)). The Prisons and Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board, in its discretion, chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). "[T]he Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

If a new sentence is imposed, the parolee must serve the balance of the original sentence prior to commencement of the new term. 61 Pa. C.S. §6138(a)(5)(i). Time incarcerated shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the

7

new offense and, thus, remains incarcerated solely by reason of the Board's detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980).

Here, Murray's original maximum sentence date was May 19, 2013. C.R. at 92. When the Board released Murray on parole on February 17, 2011, 832 days remained on his original sentence. Id. On April 17, 2013, while on parole, Murray committed a new crime, for which he was convicted. Id. at 47-49, 80. The commission of a new crime while on parole extended the Board's jurisdiction to recommit Murray after the expiration of his original maximum term. 61 Pa. C.S. §6138(a)(1); Miskovitch. Based on his conviction, the Board recommitted Murray as a convicted parole violator to serve 18 months' backtime,[4] concurrently with the one month and two days imposed for the technical parole violations. Id. at 94.

The Board, acting within its discretion, did not award any credit for time at liberty on parole. See 61 Pa. C.S. §6138(a)(2), (2.1). But, because Murray posted bail on the new criminal charges, the Board properly credited Murray with 34 days for time spent solely under its detainer from May 14, 2014, through the date of sentencing on June 17, 2014. By adding 788 days (832 days less 34 days) to Murray's custody for return date of June 17, 2014, the Board properly recomputed a new maximum sentence date of August 13, 2016. C.R. at 92. Upon

---

[4] The offense of manufacture, delivery or possession with intent to manufacture a controlled substance (cocaine) is a felony offense with a statutory maximum of 10 years. Sections 13(a)(30) & 13(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972 P.L. 233, as amended, 35 P.S. §§780-113(a)(30), (f)(1.1); see Certified Record (C.R.) at 48. The presumptive range for a felony drug law violation with a statutory maximum of 10 years is 18 months to 24 months. 37 Pa. Code §75.2.

8

review, the Board followed the law and afforded all process due.  Murray's arguments to contrary lack merit.

## B. Rivenbark

Next, Murray contends the Board lacked authority to recommit him as a technical parole violator and a convicted parole violator based on the same conduct.  In support of his position, he relies on Rivenbark.

Rivenbark holds that a parolee may not be recommitted as a technical violator for an act constituting a new crime for which he was convicted.  Id.; accord Amaker v. Pa. Bd. of Prob. & Parole, 576 A.2d 50 (Pa. 1990); Threats v. Pa. Bd. of Prob. & Parole, 553 A.2d 906, 908 (Pa. 1989).  The test is whether the technical parole violation is also a criminal offense for which the parolee was convicted.  Amaker.

To illustrate, in Rivenbark, the Supreme Court determined the Board exceeded its authority when it recommitted a parolee as a technical violator for possession of a firearm as this was the same act constituting a new crime for which he was convicted.  Rivenbark.  However, in Threats, the Court held the technical violation for possession of a weapon, a knife, was not co-extensive with a conviction for robbery.  Similarly, in Amaker, the Court determined the technical violation, consumption of alcohol, was not an independent basis for the criminal conviction for DUI, which involved the additional element of operating a motor vehicle.

9

Here, the Board recommitted Murray for violating two conditions of his parole based on his admitted use of marijuana (condition #5A) and admitted possession of alcohol (condition #7). C.R. at 42. Contrary to Murray's assertions, the same act was not used as a basis for the technical violations and the convicted violation. The convicted violation was based on Murray's conviction for possession with intent to deliver a controlled substance (cocaine), which involves different elements. They are clearly not the same offense. See Amaker; Threats. Upon review, the Board's recommitment of Murray for both types of violations was correct. Murray's claim with respect to the Rivenbark issue is meritless.

## IV. Conclusion

Upon review, we agree with Attorney Fryling that Murray's claims regarding the denial of his request for administrative relief are without merit. Accordingly, we grant Attorney Fryling's petition for leave to withdraw as counsel, and we affirm the order of the Board denying Murray's request for administrative relief.

 

 

ROBERT SIMPSON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry T. Murray, : 
               Petitioner : 
                : 
        v. :   No. 2380 C.D. 2014
                : 
Pennsylvania Board of Probation : 
and Parole, : 
               Respondent : 

## O R D E R

**AND NOW**, this 23rd day of December, 2015, we **GRANT** Tina M. Fryling's amended petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.


                             _____
                             ROBERT SIMPSON, Judge