# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durwin Godwin, : 
                                :
              Petitioner      :
                                :
              v.                : No. 628 C.D. 2015
                                :
Pennsylvania Board of Probation : Submitted: November 6, 2015
and Parole, :
                                :
            Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: March 4, 2016**

Durwin Godwin petitions for review of an Order of the Pennsylvania Board of Probation and Parole (Board) that denied his Request for Administrative Relief and affirmed its calculation of Godwin's parole violation maximum sentence date (maximum date). On appeal, Godwin argues that the Board: (1) erred by not exercising its discretion to award him credit for the time he spent at liberty on

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

parole; (2) lacked the legal authority to increase his maximum date beyond the maximum sentence imposed by common pleas and, thereby, violated various provisions of the United States and Pennsylvania Constitutions; and (3) miscalculated the time remaining on his sentence. Discerning no error, we affirm.

**BACKGROUND**

On August 10, 2011, Godwin was sentenced by common pleas to nine months to two years of incarceration as a result of pleading guilty to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in violation of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act[2] (Drug Act), 35 P.S. § 780-113(a)(30) (original sentence). (Sentencing Summary at 1, C.R. at 1.) Godwin's effective date of sentence was September 16, 2011, which resulted in a controlling minimum date of June 16, 2012 and a maximum date of September 16, 2013. (Sentencing Summary at 1, C.R. at 1.) By Order signed on March 29, 2012, the Board granted Godwin parole, and Godwin was released to a home plan on June 17, 2012 and began to serve the remainder of his original sentence at liberty. (Board Order, March 29, 2012, C.R. at 6; Conditions Governing Parole at 1, C.R. at 7.)

On September 5, 2013, eleven days prior to the expiration of his original sentence, Godwin was arrested by the Philadelphia Police Department for new criminal charges including possession of firearms, carrying firearms without a license, carrying firearms in Philadelphia and fleeing or attempting to elude a police officer. (Criminal Arrest and Disposition Report at 1, C.R. at 16.) Godwin

---

[2] Act of April 14, 1972, P.L. 233, <u>as amended</u>.

was detained by common pleas in connection to this arrest and bail was set for $150,000. (Criminal Docket at 2, C.R. at 23.) The Board lodged a detainer on Godwin on September 6, 2013. (Order to Release from Temporary Detention, C.R. at 14.) Godwin was released on his own recognizance by common pleas on September 26, 2013, but he remained confined on the Board's September 6, 2013 detainer until it was lifted on October 3, 2013. (Criminal Docket at 2, C.R. at 22; Order to Release from Temporary Detention, C.R. at 14.) On October 7, 2013, common pleas reinstated bail against Godwin. (Criminal Docket at 2, C.R. at 23.)

Godwin pleaded guilty to three firearms charges[3] and Fleeing or Attempting to Elude an Officer[4] and was sentenced on August 28, 2014 by common pleas to concurrent sentences of two to four years of incarceration and a maximum of six years of probation (second sentence). (Criminal Docket at 7, C.R. at 28.) By Notice of Decision recorded on September 2, 2014, mailed September 12, 2014, the Board recommitted Godwin to a state correctional institution (SCI) as a convicted parole violator to serve his unexpired term of one year, two months, and twenty-three days. (Notice of Board Decision, September 12, 2014, C.R. at 40.) The Board set Godwin's new maximum date for the original sentence as November 21, 2015. (Notice of Board Decision, September 12, 2014, C.R. at 40.)

---

[3] The three charges are for: (1) Possession of a Firearm by a Prohibited Person in violation of Section 6105(a)(1) of the Crimes Code, 18 Pa. C.S. § 6105(a)(1); (2) Carrying a Firearm without a License in violation of Section 6106(a)(1) of the Crimes Code, 18 Pa. C.S. § 6106(a)(1); and (3) Carrying a Firearm on Public Streets or Public Property in Philadelphia in violation of Section 6108 of the Crimes Code, 18 Pa. C.S. § 6108.

[4] Section 3733 of the Vehicles Code, 75 Pa. C.S. § 3733.

A parole revocation hearing was held on September 12, 2014 where Godwin testified on his own behalf and admitted to violating his parole. (Hr'g Tr. at 9, C.R. at 60.) When given the opportunity to speak Godwin replied:

> I was told that I violated parole, because I was arrested before I had maxed out. . . . Well, also I was also violated for special probation. Now if my parole ran out September 16th, which was my max date, I don't understand how I was still violated for special probation, also. And also I was resentenced on a special probation. Judge Covington gave me the same sentence that she initially gave me for the first time that I was sent to state prison, which was a one to two, and five years' probation. . . . So, I mean, I'm just raising the issue of it's like me being sentenced three times for one conviction, almost. Because whatever Parole Board decides to do, Your Honor has already taken and I've already been sentenced from my front judge. And also, the time that I sat under the Special Probation detainer since my back judge resentenced me, where does that time go?

(Hr'g Tr. at 12-13, C.R. at 63-64.) In response, the Board's Hearing Examiner stated: "I don't answer those questions. I'm just here to determine if you had any conviction while under your State Parole." (Hr'g Tr. at 14, C.R. at 65.)

The Board issued a Notice of Decision recorded on September 24, 2014, mailed on October 8, 2014, rescinding its Decision mailed on September 12, 2014 and recommitting Godwin to a SCI as a convicted parole violator for one year, one month, and twenty-eight days. (Notice of Board Decision, October 8, 2014, at 1, C.R. at 70.)

Godwin filed a "Request for Administrative Remedy" with the Board, which was received by the Board on October 2, 2014. Therein, Godwin sought review of the Board's decision mailed on September 12, 2014 on various grounds, including

4

allegations that the decision violated Godwin's constitutional rights. (Request for Administrative Remedy, October 2, 2014, at 1, C.R. at 72.) Godwin subsequently filed a "Request for Administrative Review" on October 21, 2014. Therein, Godwin alleged that the Board's decision to revoke his parole and detain him for the time he was at liberty violates the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution. (Request for Administrative Review, October 21, 2014, at 1-2, C.R. at 80-81.) Godwin further alleged that the Board, which is not a court of law, lacked the authority to order his detention. (Request for Administrative Review, October 21, 2014, at 2, C.R. at 80.) The thrust of Godwin's argument in his Request for Administrative Review is that by receiving a sentence of 1-2 years for violating probation from common pleas, while at the same time being recommitted by the Board to serve his unexpired term, he is being punished twice in violation of his rights under the United States and Pennsylvania Constitutions. (Request for Administrative Review, October 21, 2014, at 2-4, C.R. at 80-82.)

By Order mailed on March 19, 2015, the Board disposed of Godwin's two Requests. With regard to Godwin's October 21, 2014 Request for Administrative Review, the Board concluded that Godwin's maximum date was correct. (Board Order, March 19, 2015, at 1-2, C.R. at 86-87.) The Board explained its reasoning as follows.

> [T]he Board gave you 7 days credit for the period you were incarcerated from September 26, 2013 to October 3, 2013 because you were being held solely on the Board detainer during that period.

5

*Gaito v. Board of Probation and Parole*, 412 A.2d 568 (Pa 1980). Conversely, the Board did not give you credit for the period you were incarcerated from September 6, 2013 to September 26, 2013, because you were being held on both the new criminal charges and the Board detainer during that period. *Id.* Furthermore, the Board did not give you credit on your original sentence for the period you were incarcerated from August 28, 2014 to August 29, 2014 because the Board had not yet recommitted you as a convicted parole violator. The credit for this time frame will be calculated and credited by the Department of Corrections toward your new sentence. However, the Board did give you 25 days credit for the period you were incarcerated from August 29, 2014 to September 23, 2014 because of a delay in your recommitment due to an error in paperwork. Subtracting the credit the Board gave you from the time you had remaining means you had 424 days remaining on your sentence.

The Prisons and Parole Code provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until September 23, 2014 because that is when the Board voted to recommit you as a parole violator. *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980 (Pa. C[mwlth.] 1980). Adding 424 days to that date yields a new maximum sentence date of November 21, 2015.

(Board Order, March 19, 2015, at 1-2, C.R. at 86-87.) The Board also dismissed Godwin's October 2, 2014 Request for Administrative Relief as moot because it sought review of the Board's action recorded on September 2, 2014, which was rescinded by the Board's action of September 24, 2014. (Board Order, March 19, 2015, at 2, C.R. at 87.) Absent from the Board's discussion is any mention of

Godwin's constitutional arguments. Godwin now petitions this Court for review of the Board's Order.[5]

On appeal to this Court, Godwin makes three arguments.[6] First, Godwin argues that the Board erred by not exercising its discretion to not apply back time for the time he spent at liberty on parole. Second, Godwin argues that the Board recalculated his maximum date from September 16, 2013 to November 21, 2015 without the legal authority to do so, and that such recalculation violates his rights under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Eighth Amendment to the United States Constitution. Finally, Godwin contends that the Board miscalculated the time remaining on his sentence by not crediting him for time he was incarcerated from September 6, 2013 to October 3, 2013.

## DISCUSSION

### A. Abuse of Discretion

Section 6138(a) of the Prisons and Parole Code (Parole Code) provides in relevant part:

---

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." Yates v. Pennsylvania Board of Probation and Parole, 48 A.3d 496, 498 n.2 (Pa. Cmwlth. 2012).

[6] The first and third issues were raised in his Petition for Review, although not discussed in his brief.

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a). Godwin argues that the Board is required pursuant to Section 2.1 of the Parole Code to exercise discretion to determine whether he should be awarded credit for time spent at liberty on parole. Godwin contends that the Board erred and abused its discretion by not exercising such discretion and that remand is required to rectify the deficiency.

An *en banc* panel of this Court recently interpreted Section 6138(a) of the Parole Code as requiring the Board to exercise two acts of discretion. Pittman v. Pennsylvania Board of Probation and Parole, __ A.3d __, __ (Pa. Cmwlth., No.

8

978 C.D. 2014, filed January 8, 2016), slip op. at 8. "First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit." Id. In that case, Pittman, like Godwin here, argued that the Board failed to exercise its discretion under Section 6138(a)(2.1) and that failure to consider whether he should be granted credit for his time at liberty on parole was an abuse of discretion. Id., slip op. at 7. The parole revocation hearing report in that case showed that the Board was given the option to award the petitioner with credit for time spent on parole "in a 'yes' or 'no' format and listed, by way of reference, the particular provision of the Judicial Code, section 9714(g), 42 Pa. C.S. § 9714(g), for which violation while on parole would preclude the Board from exercising its discretion to award credit." Id., slip op. at 9. We concluded that the completed hearing report "establishes that the Board exercised discretion pursuant to section 6138(a)(2.1) by checking 'no' and denying Pittman credit for time spent at liberty on parole." Id. We reasoned that this approach is consistent with the plain language of the Parole Code because "there are no statutory standards in section 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised," and that "there is no statutory basis upon which to find or infer that the Board must issue a statement of reasons for denying . . . credit for time spent at liberty on parole." Id., slip op. at 11, 17.

Here, the hearing report contains the same reference to the crimes for which no discretion is given pursuant to Section 9714(g) of the Judicial Code. (Hearing Report at 8, C.R. at 51.) Although the hearing report is not laid out in the exact

9

"yes" or "no" format discussed in Pittman, the hearing report gives the Board the option of checking, or not, a box stating "[r]ecommit to serve unexpired term." (Hearing Report at 4, C.R. at 47.) Choosing to check the box is an act of discretion and, pursuant to Pittman, we discern no error in the Board's action in this regard.

### B. The Board's Legal Authority

Godwin next argues that the Board lacks the authority to increase the maximum date of his original sentence imposed by common pleas on August 10, 2011. Godwin argues that by increasing his maximum date, the Board disregarded our decisions in Yates v. Pennsylvania Board of Probation and Parole, 48 A.3d 496, 500 (Pa. Cmwlth. 2012) and Davenport v. Pennsylvania Board of Probation and Parole, 656 A.2d 581, 584 (Pa. Cmwlth. 1995), which stand for the proposition that the Board lacks the power to alter judicially-imposed sentences. Godwin also argues that the Board's decision to change his maximum date is in direct violation of "the collateral estoppel doctrine, the Double Jeopardy Clause, the Cruel and Unusual Punishment Clause, the Due Process and Equal Protection Clauses." (Godwin's Br. at 16.) We disagree.

Although the Board, in recommitting a convicted parole violator, is not permitted to impose back time that exceeds the entire remaining balance of a parolee's unexpired term, we have said that "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time." Richards v. Pennsylvania Board of Probation and Parole, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). Our Supreme Court has found the Board's decision to refuse credit for time spent at liberty on parole in such a circumstance to be

10

constitutionally sound and is "neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568, 570 (Pa. 1980). Accordingly, we see no error in the Board's decision to recommit Godwin to serve his unexpired term and to not give credit for time spent at liberty on parole.

Further, we see no constitutional violation with regard to the Board's decision to require Godwin to serve his unexpired sentence without providing him credit for the time he spent at liberty on parole. Our Supreme Court has held that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[7] does not apply to parole revocation. Rivenbark v. Pennsylvania Board of Probation and Parole, 501 A.2d 1110, 1112 (Pa. 1985). According to the Supreme Court:

> The prohibition of double jeopardy consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.
>
> The first two enumerated protections are inapplicable since a parole revocation hearing is not a criminal prosecution. The granting and rescinding of parole are purely administrative functions. Parole is a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside the prison walls; it does not affect the sentence. The Board does not convict the parolee of any crime at a parole revocation hearing. Rather it determines whether the

---

[7] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "nor shall any person be subject for the same offen[s]e to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V.

11

> parolee has violated the terms and conditions of his parole, thereby demonstrating himself unfit for that mode of correctional rehabilitation.
>
> Nor were the two periods of recommitment multiple punishments for the same offense. A recommitment is not a second punishment for the original offense; it has no effect on the original judicially-imposed sentence. Recommitment is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence.

Id. at 1112-13 (internal citations and quotation marks omitted). The Court further concluded that it saw no basis for a claim that parole revocation violates the Double Jeopardy Clause of the Pennsylvania Constitution found in Article I, Section 10.[8, 9] Id. at 1112 n.3. Moreover, recommitting a parolee without crediting time for liberty on parole poses no Eighth Amendment[10] concerns. Although "imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment," Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989), our precedent establishes that "parole is not a punishment," Wilson v. Marrow, 917 A.2d 357, 363 (Pa. Cmwlth. 2007), and that recommitment with the imposition of backtime is "not the imposition of a new sentence but merely the directed

---

[8] Article I, Section 10 of the Pennsylvania Constitution provides, in relevant part: "No person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. art. I, § 10.

[9] We need not address Godwin's argument that the Board's decision violates the collateral estoppel doctrine because this doctrine, when used in the criminal context, is included in the protections of the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. Commonwealth v. States, 891 A.2d 737, 742 (Pa. Super. 2005).

[10] The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

12

completion of the original judicially-imposed sentence," Gundy v. Pennsylvania Board of Probation and Parole, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). Because Godwin was not punished, we cannot say his punishment was cruel and unusual within the meaning of the Eighth Amendment.

Godwin next contends that the Board lacks the authority to recommit him to serve his unexpired term because the issue of his unexpired term was resolved by common pleas on August 28, 2014 when common pleas sentenced him to 1-2 years of incarceration and five years of probation as a result of a probation violation. Godwin argues:

> Typically, when a defendant has a bifurcated sentence that includes unexpired parole time and a consecutive special probation supervised by the Board, the defendant is either recommitted to serve his backtime by the [B]oard without court intervention, or, if only the special probation remains and his parole time has expired, he is taken before the sentencing judge by a Board agent and is subjected to a Probation revocation hearing. However[,] it is improper for both the sentencing court to revoke the probation and order a new sentence that spans the entire statutory limits of seven years and then the Board to take the parolee's street time and recommit him for a further period of incarceration exceeding a year, with no credit for time on parole.

(Godwin's Br. at 13.) Godwin contends that, due to this error, "he is suffering an [Eighth] Amendment violation (for cruel and unusual punishment) and a [Fifth] Amendment violation (for double jeopardy) because the action taken by the Board in conjunction with that of [common pleas], punished him multiple times for the same offense and conviction." (Godwin's Br. at 14.)

13

The criminal behavior underlying Godwin's second sentence, and in turn, his status as a convicted parole violator, occurred on or before his arrest on September 5, 2013. Because the maximum date of Godwin's original sentence was September 16, 2013, Godwin was on parole and under the Board's jurisdiction at the time of the offenses which led to his conviction and second sentence. Thus, the Board's decision to revoke his parole and recommit him to serve his unexpired term was appropriate. See Section 6138(a) of the Parole Code, 61 Pa. C.S. § 6138(a) (stating that the Board may recommit, as a convicted parole violator, "[a] parolee under the jurisdiction of the board released from a correctional facility who, *during the period of parole or while delinquent on parole,* commits a crime punishable by imprisonment" (emphasis added)). Unfortunately, whether it was error for Godwin to be sentenced to a term of 1-2 years for a *probation* violation for offenses which occurred when Godwin was on *parole*, not probation, is not before us.[11]

## C. Calculation of Credit for Time Served

Finally, Godwin challenges the Board's recalculation of his maximum date. Godwin contends that the Board should have credited him for the entire period he was incarcerated between September 6, 2013 and October 3, 2013 because he was

---

[11] Godwin's probation violation sentencing order has not been appealed to this Court and is not before us. Godwin may be able to appeal the probation violation sentencing order in another forum, such as by appeal to the Superior Court. See, e.g., Commonwealth v. Infante, 888 A.2d 783, 790 (Pa. 2005) (discussing appellate jurisdiction over an argument that a sentencing court lacked the authority to revoke probation and impose a new sentence); Commonwealth v. Gheen, 688 A.2d 1206, 1207 (Pa. Super. 1997) (stating that the Superior Court's scope of review following a sentence imposed after probation revocation includes "the validity of the revocation proceedings and the legality of the judgment of sentence").

in the Board's custody throughout this time. We see no error in the Board's calculations. Godwin was detained on both the Board's detainer and by common pleas from September 6, 2013 until common pleas released Godwin on his own recognizance on September 26, 2013. The Board voted to recommit Godwin on September 23, 2013 and lifted that detainer on October 3, 2013. Because Godwin was still incarcerated by order of common pleas between September 23, 2013 and September 26, 2013, credit for this period must be applied to Godwin's second sentence. Wilson v. Pennsylvania Board of Probation and Parole, 124 A.3d 767, 770 (Pa. Cmwlth. 2015). Godwin is only entitled to credit against his original sentence for time served when held solely due to the Board's detainer. See Gaito, 412 A.2d at 571 (stating "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence"). Thus, Godwin is only entitled to credit from September 26, 2013 to October 3, 2013 and we conclude that the Board correctly granted Godwin credit for seven days.

For the foregoing reasons, the Decision of the Board is affirmed.

_____
**RENÉE COHN JUBELIRER, Judge**

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durwin Godwin,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :     No. 628 C.D. 2015
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                                        :
                    Respondent          :

## O R D E R

**NOW**, March 4, 2016, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
                              **RENÉE COHN JUBELIRER, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durwin Godwin,                          :
                    Petitioner          :
                                        :
          v.                            :    No. 628 C.D. 2015
                                        :    Submitted: November 6, 2015
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY JUDGE LEAVITT                                    FILED:  March 4, 2016


          I agree with the majority's disposition of Godwin's second and third
issues on appeal, which challenged the legality and calculation of his sentence.  I
write separately to note my continued disagreement with this Court's decision in
*Pittman v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth.,
No. 978 C.D. 2014, filed January 8, 2016), for the reasons set forth in then
President Judge Pellegrini's dissenting opinion in that case.  In the case *sub judice*,
the majority concludes that the Board's mere act of checking a box stating
"[r]ecommit to serve unexpired term"[1] was sufficient to satisfy Section
6138(a)(2.1) of the Prisons and Parole Code, which states: "The board may, in its
discretion, award credit to a parolee … for the time spent at liberty on parole."  61
Pa. C.S. §6138(a)(2.1).  I disagree.  I would hold that Section 6138(a)(2.1) requires

---

[1] Majority Opinion at 10.

the Board to explain why it denied Godwin credit for his street time.  As aptly noted in the *Pittman* dissent,

> [t]he reason that the Board gives does not have to be expansive. A one sentence explanation for the Board's denial of credit can be sufficient, and the Board knows how to do this.  *See, e.g.*, *Sampson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1107 C.D. 2014, filed March 25, 2015), at 6 (Hearing Report contained handwritten notation of "DV - assaulted wife" beneath the checkbox); *Torres v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1009 C.D. 2014, filed April 10, 2015), at 9 n.3 (Board indicated as a reason for denying credit "Conviction in court of record established.").

*Pittman*, __ A.3d at __ (Pellegrini, P.J., dissenting, slip op. at 3).  Accordingly, I would remand to the Board to provide such an explanation so that this Court can conduct meaningful appellate review.

 

                                     _____
                                     MARY HANNAH LEAVITT, Judge